IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK R. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-554-JDW-GMB |
| | ) | [WO] |
| AMERICAN INTERNATIONAL | ) | |
| GROUP, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the court is Plaintiff's Motion to Increase the Number of Depositions Allowed to the Plaintiff Under the Discovery Plan (Doc. 19). Defendants have filed a joint response in opposition to that motion (Doc. 24). On the basis of the filings, Plaintiff's Motion is GRANTED in part and DENIED in part, as set out below.

Absent a stipulation, Federal Rule of Civil Procedure 30 requires leave of court for a party to take more than ten depositions in any case. Fed. R. Civ. P. 30(a)(2)(A)(i). Courts are cautioned, however, to grant leave only "to the extent consistent with Rule 26(b)(1) and (b)(2)." Fed. R. Civ. P. 30(a)(2). Of primary significance here, this means that the court must be guided by Rule 26(b)(1)'s limitation on the scope of discoverable materials to those which are

> relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (2015).  Applying previous versions of Rule 26(b)(1), courts have "generally held that a party seeking to exceed the presumptive number of depositions must make a 'particularized showing of why the discovery is necessary.'" *Bituminous Fire & Marine Ins. Corp. v. Dawson Land Dev. Co.*, 2003 WL 22012201, at *1 (M.D. Fla. 2003) (quoting *Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999)).

Here, there has been no particularized showing.  In fact, Plaintiff's motion does not even identify the individuals he seeks to depose except for noting that two are expert witnesses for the defense. *See* Doc. 19 at 2; Doc. 19 at 3 (stating only that it "appears that at least fifteen (15) depositions will be required").  Plaintiff also does not address Rule 26(b)(1)'s proportionality analysis.  Nevertheless, the court holds that on the balance the record before it justifies one additional deposition beyond the ten provided in Rule 30(a)(2) and the Joint Report of Parties' Planning Meeting, Doc. 11 at 3, which will allow Plaintiff to depose all of Defendants' expert witnesses. *See* Doc. 19 at 2.[1]

This ruling is based in part on the court's independent assessment of the Rule 26(b)(1) factors and in part on Federal Rule of Civil Procedure 26(b)(4).  Plaintiff's core theory in this case is that Defendants "willfully and wantonly delayed" their approval of his surgery in an attempt to coerce him to settle his claims under a workers' compensation insurance policy. Doc. 1-4 at 6.  In as much as they have been identified as trial

---

[1] Plaintiff has conducted nine depositions to date, including one of three expert witnesses designated by Defendants. *See* Doc. 19 at 2; Doc. 24 at 4–5.

witnesses by Defendants, the two un-deposed expert witnesses are certain to have information of importance to the litigation, including the amount in controversy. Defendants have exclusive access to their retained experts' information absent depositions or some other form of discovery, and the burden and expense of allowing these two witnesses to sit for deposition does not outweigh the benefit to Plaintiff of obtaining this information and testing the witnesses' theories and opinions prior to trial.[2] Perhaps more critically, the Federal Rules of Civil Procedure specifically provide that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4).   The court must effectuate this rule, and cannot ignore the crucial role of expert witnesses in modern civil litigation.  It is therefore ORDERED that Plaintiff may depose both of Defendants' designated expert witnesses who have not been deposed, for a total of eleven depositions in this case.

Accordingly, it is ORDERED that Plaintiff's Motion to Increase the Number of Depositions Allowed to the Plaintiff Under the Discovery Plan (Doc. 19) is GRANTED in part, as further set out above.   The Motion is DENIED in all other respects.[3]

---

[2] Admittedly, this conclusion requires some measure of supposition since Plaintiff has not described the expert witnesses' areas of anticipated testimony.  The court nevertheless finds that the two experts' depositions are appropriate for the reasons stated herein.  Defendants also offer that Plaintiff has not deposed a corporate representative for AIG Claims, Inc. Doc. 24 at 5.  However, Plaintiff makes no reference to a corporate representative in his motion, and there is no evidence before the court that a Fed. R. Civ. P. 30(b)(6) request has even been made. Under these circumstances, the court has insufficient information on which to conclude that the contemplated corporate representative's deposition would be relevant to the parties' claims and defenses or proportional to the case's needs, and thus cannot make the requisite findings under Fed. R. Civ. P. 26(b)(1) and 30(a)(2)(A)(i).  The parties are, of course, free to stipulate to this deposition pursuant to Fed. R. Civ. P. 30(a)(2)(A).

[3] Defendants' joint response references the impending discovery deadline, *see* Doc. 24 at 6, but there is no motion before the court requesting a continuance of pretrial or other deadlines.

DONE this 2nd day of May, 2016.

                                         /s/ Gray M. Borden
                            UNITED STATES MAGISTRATE JUDGE