IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK R. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-554-JDW-GMB |
| | ) | [WO] |
| AMERICAN INTERNATIONAL | ) | |
| GROUP, INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the court is Plaintiff's Motion to Compel (Doc. 21).  Defendant

Health Direct, Inc. has filed a response in opposition to that motion (Doc. 26), as have

Defendants AIG Claims, Inc., f/k/a Chantis Claims, Inc., and American Home Assurance

Co. (the "AIG Defendants") (Doc. 27), and the court heard oral argument on the motion by

telephonic conference on May 11, 2016.   On the basis of the filings and oral argument,

Plaintiff's Motion to Compel is GRANTED in part, DENIED in part, and rendered MOOT

in part, as set out below.

Defendants have objected to a number of Plaintiff's discovery requests on

relevancy and other grounds.   Rule 26(b)(1) defines discoverable materials as those that

are

> relevant to any party's claim or defense and proportional to the needs of the
> case, considering the importance of the issues at stake in the action, the
> amount in controversy, the parties' relative access to relevant information,
> the parties' resources, the importance of the discovery in resolving the
> issues, and whether the burden or expense of the proposed discovery
> outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (2015).   The court's analysis of relevance and proportionality in this matter has also been guided by the admonition that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Consistent with Rule 26(b)(1), and for the reasons below and those stated by the court during the telephonic conference, the court holds as follows with respect to each discovery request at issue:

Request No. 19.   The Motion to Compel is GRANTED to the extent Plaintiff seeks information regarding lawsuits filed in the previous five years wherein the claims include the tort of outrage and the factual allegations relate to intentional delay of medical authorizations.   The court finds that these lawsuits have at least some relevance to Defendants' intent and to the propriety and amount of punitive damages, and that the scope of the request is proportional to the needs of the case. Plaintiff's request for lawsuits involving dissimilar outrage allegations is DENIED.

Request No. 23   The Motion to Compel is MOOT in as much as the AIG Defendants have represented that they are not in possession of responsive documents that have not been produced.

Request No. 24   The Motion to Compel is MOOT in as much as the AIG Defendants have represented that they are not in possession of responsive documents that have not been produced.

Request No. 29   The Motion to Compel is MOOT in as much as the AIG Defendants have represented that they are not in possession of responsive documents that have not been produced.

Request No. 31   The Motion to Compel is MOOT in as much as the AIG Defendants have represented that they are not in possession of responsive documents that have not been produced.

Request No. 32   The Motion to Compel is GRANTED.   The court finds that the adjuster's handling of workplace injuries for Plaintiff's

co-workers has at least some relevance to Defendants' intent and to the propriety and amount of punitive damages, and that the scope of the request is proportional to the needs of the case.

Request No. 33         The Motion to Compel is GRANTED in part, and DENIED in part.   The court finds that the former claims adjusters and managers are likely to possess discoverable information in as much as the AIG Defendants' records indicate each former employee took action on Plaintiff's claims from 2011 to 2013. The AIG Defendants are ORDERED to provide phone numbers and last known addresses in their possession for each individual named in their response to Request No. 33, with the exception of the individual who has already been deposed.   The court finds that the production of any additional personal information is not proportional to the needs of the case or Plaintiff's expressed purpose for obtaining this information.

Request No. 35         The Motion to Compel is GRANTED.   The court finds that the requested activity notes have at least some relevance to Defendants' intent and to the propriety and amount of punitive damages, and that the scope of the request is proportional to the needs of the case.   The AIG Defendants may redact any privileged information prior to production.

Accordingly, it is ORDERED that Plaintiff's Motion to Compel (Doc. 21) is GRANTED in part, DENIED in part, and rendered MOOT in part, as set out above. Defendants shall provide all supplemental responses ordered herein within seven days of this Order.

DONE this 12th day of May, 2016.

                                          /s/ Gray M. Borden
                                    UNITED STATES MAGISTRATE JUDGE