IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDRICK R. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-554-JDW-GMB |
| ) | [WO] |
| AMERICAN INTERNATIONAL ) | |
| GROUP, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the court are the Motion to Reconsider (Doc. 33) filed by Defendants AIG Claims, Inc. and American Home Assurance Co., Inc., and Plaintiff's Motion for Leave to Take Additional Deposition (Doc. 37). The motions are fully briefed, *see* Docs. 39 & 40, and on the basis of the filings Defendants' Motion to Reconsider (Doc. 33) is GRANTED, and Plaintiff's Motion for Leave to Take Additional Deposition (Doc. 37) is DENIED, as set out below.

**I.     Motion to Reconsider**

Defendants ask the court to reconsider its Order of May 12, 2016 (Doc. 31) to the extent the court compelled them to respond to Request for Production No. 32, which sought the identity of any of Plaintiff's co-workers whose claims were handled by Carletha Reid, the workers' compensation adjuster who processed Plaintiff's claim. Doc. 33 at 1; Doc. 21-3 at 4. Motions for reconsideration "are not a platform to relitigate arguments previously considered and rejected." *Cooper v. Escambia Cnty. Comm'n*, 2011 WL

3439144, *3 (S.D. Ala. Aug. 5, 2011); *Bumpers v. Austal, U.S.A., L.LC.*, 2015 WL 162610, *1 (S.D. Ala. Jan. 13, 2015). "Further, a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Bumpers*, 2015 WL 162610, *1. Defendants' motion, however, does not merely rehash the prior arguments against disclosure. Although Plaintiff is correct that Defendants' counsel represented to the court during a telephonic conference on May 11, 2016 that there were no co-workers whose claims were handled by Ms. Reid, Doc. 39 at 1, Defendants now cite to privacy considerations weighing against the identification of any such co-workers.[1] In light of these concerns and the limited relevance of the information sought, the court does reconsider its ruling, and no longer requires Defendants to supplement their response to Request for Production No. 32.

As with its prior ruling, this court is guided by the proportionality analysis set forth in Federal Rule of Civil Procedure 26(b)(1). Despite Defendants' continued opposition, and as discussed during the telephonic conference on May 11, 2016, the court has already found that the identity of any similarly-situated co-worker is relevant as defined by Rule 26(b)(1). *See* Doc. 31 at 2–3. But simple relevance does not end the court's inquiry, and Defendants argue in their Motion to Reconsider that privacy concerns trump the

---

[1] Defendants state that they "previously objected to the requests . . . on the grounds it [sic] sought confidential personal information." Doc. 33 at 1–2. The court assumes that this statement references Defendants' general objections to the discovery requests, *see* Doc. 33-1 at 2 ("Defendants object to the requests to the extent that they call for information and/or documents that contain or constitute the confidential and/or proprietary information of Defendants."), as Defendants did not specifically object to Request No. 32 on this basis, *see* Doc. 33-1 at 5, nor did they rely on privacy objections to Request No. 32 when the court first considered whether to compel a supplemental response to this request. *See* Doc. 27.

probative value of this information.  The court agrees.  The court previously noted that this information could relate to Defendants' intent or to a punitive damages calculation. Doc. 31 at 2–3.  This is still true, but the court now expressly holds what it implied in its original order—that the potential probative value of this evidence is weak.  Plaintiff has given the court no basis upon which to find that any information possessed by these co-workers would be particularly critical to proving his claim that Defendants engaged in outrageous conduct with respect to his own workers' compensation claim.  Defendants' characterization of this request as a "fishing expedition" is an exaggeration, but only a small one.

Proportionality considerations weigh strongly against disclosure when compared with this limited relevance, particularly in light of the newly-raised privacy concerns. The court is sensitive to the forced disclosure of third-party health information such as the type protected by the Health Insurance Portability and Accountability Act of 1996, which would necessarily accompany the production of information relating to Plaintiff's co-workers' workplace injuries.  These privacy concerns tip the scales of proportionality against disclosure.  In so holding, the court has considered whether the information produced in response to Request No. 34 could be anonymized to protect the co-workers' identities.  At least theoretically this method could achieve a greater degree of privacy protection, but it would prevent Plaintiff from making further inquiries or developing witnesses and thereby undercut the only arguable basis for obtaining the information in the first place.  The court also notes that Plaintiff deposed Ms. Reid in December 2015,

and thus had ample opportunity to question her about the handling of his claim and about her business practices more generally. *See* Doc. 24-1 at 1.

## II.     Motion for Additional Deposition

This is Plaintiff's second request for additional depositions in this matter. He first filed a Motion to Increase the Number of Depositions Allowed to the Plaintiff Under the Discovery Plan (Doc. 19), which the court granted in part on May 2, 2015. *See* Doc. 25. As before, the court will grant leave for additional depositions only "to the extent consistent with Rule 26(b)(1) and (b)(2)." Fed. R. Civ. P. 30(a)(2). Plaintiff now seeks to depose Greg Anderson, who is described as a "managing employee of Plaintiff's employer," specifically to discuss a single "incomplete email" produced in the discovery process. Doc. 37 at 1. Plaintiff's proffered need for the deposition is the theory that the portion of the email omitted from discovery supports his claim that Defendants intentionally delayed authorization of his surgery. Doc. 37 at 2. In the meantime, however, Defendants have retrieved the complete email from a third party and produced it to Plaintiff. Docs. 40 at 3 & 40-2. In as much as the partial email represented the only purported need for Mr. Anderson's deposition, the Rule 26(b)(1) analysis now counsels against exceeding the presumptive number of depositions set forth in Fed. R. Civ. P. 30(a)(2)(A)(i).

## III.    Conclusion

Accordingly, Defendants' Motion to Reconsider (Doc. 33) is GRANTED, and Plaintiff's Motion for Leave to Take Additional Deposition (Doc. 37) is DENIED.

DONE this 3rd day of June, 2016.

                                             /s/ Gray M. Borden  
                              UNITED STATES MAGISTRATE JUDGE