IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDRICK R. WILLIAMS,       ) | |
|                               ) | |
|    Plaintiff,             ) | |
|                               ) | |
| v.                              ) | Case No. 15-cv-554-JDW-GMB |
|                               ) | [WO] |
| AMERICAN INTERNATIONAL  ) | |
| GROUP, INC., *et al*.,         ) | |
|                               ) | |
|    Defendants.          ) | |

## **ORDER**

Pending before the court is Defendants' Joint Motion to Compel (Doc. 45), which has been supplemented with Defendants' Report to the Court Regarding Good Faith Conference (Doc. 55). Plaintiff has filed a response in opposition to the motion (Doc. 56). On the basis of the filings, Defendants' Joint Motion to Compel (Doc. 45) is GRANTED, as set out below.

Defendants seek to compel Plaintiff to consent to the disclosure of "all records concerning [his] Social Security, including but not limited to applications for benefits; notes or transcripts of hearings; letters regarding determinations of benefits; investigative materials; etc." Docs. 45 at 2 & 45-2 at 2. The Social Security Administration requires Plaintiff's consent before it will release these records to third parties, and Plaintiff has

refused to grant consent on relevance grounds. *See* Docs. 45-3 at 2 & 56 at 2.[1]   Federal Rule of Civil Procedure 26(b)(1) defines discoverable materials as those that are

> relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (2015).   Here, the court finds that the requested materials are both relevant and proportional to the needs of the case.

The relevance of Plaintiff's Social Security records is readily apparent.   Plaintiff claims in this lawsuit that Defendants caused him permanent physical and neurological damage by delaying necessary medical treatment, undeniably placing his medical history at issue in the case. Doc. 1-4 at 3–5.   In his deposition, Plaintiff admitted that his Social Security disability files contain information regarding the nature of his injuries and the treatment he has received for them. Doc. 45 at 4.   As a result, the court finds that these records are likely to bear directly on the theory that Defendants caused or exacerbated any injuries.   Likewise, any information regarding the timing or magnitude of Plaintiff's disability benefits would also be relevant to his damages, if not to the merits of his cause of action or the defenses to it.

Rule 26(b)(1)'s proportionality analysis also weighs in favor of compelling Plaintiff to authorize the disclosure of his Social Security disability records.   As it stands

---

[1] Plaintiff also objects to the request on a procedural basis—the purported failure to comply with this court's Local Rule 37.1, which requires that all discovery motions contain a recitation of the specific issues in dispute.   The court finds that Defendants have complied with this rule by filing their proposed consent form. *See* Doc. 45-2.

now, only Plaintiff has access to his Social Security files due to privacy considerations. To correct this information asymmetry, Plaintiff must affix his signature to a form. He has advanced no other argument for disproportionality, and the court finds that the burden placed on Plaintiff is negligible.

In recognition of the discoverability of Plaintiff's Social Security records, months ago Plaintiff produced all documents in his possession relating to "any claim by the Plaintiff at any time for Social Security, worker's compensation, and/or disability benefits of any kind," and he did so without objection. Docs. 55 at 2 & 55-1 at 4. The court's ruling today merely allows Defendants to obtain the same and materially similar records directly from the Social Security Administration. These records are within Plaintiff's control within the meaning of Federal Rule of Civil Procedure 34(a). *E.g.*, *Smith v. Maryland Cas. Co.*, 42 F.R.D. 587, 589 (E.D. La. 1967) ("Obviously the plaintiff is in control of these records, because, by either granting or withholding her consent, she may determine who shall have access to them."); *see also Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) ("[T]he district court did not abuse its discretion in ordering [Plaintiff] to provide a signed release for his Social Security records.").

Accordingly, it is ORDERED that Defendants' Joint Motion to Compel (Doc. 45) is GRANTED. Plaintiff is further ORDERED to execute the consent form attached to Defendants' motion (Doc. 45-2) and provide a copy of the fully executed form to counsel for each defendant within seven days from the date of this Order. Defendants are ORDERED to produce to Plaintiff a copy of all documents obtained from the Social

Security Administration within seven days of receipt and at Defendants' expense.

DONE this 21st day of June, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE